IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SPIRE MISSOURI INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-cv-00182-MDH |
| | ) |
| SYMMETRY ENERGY SOLUTIONS, LLC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Symmetry Energy Solutions, L.L.C.'s Motion to Dismiss or Stay. (Doc. 14). Defendant moves the Court to dismiss the case for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6). Defendant contends the Missouri Public Service Commission ("PSC") retains exclusive jurisdiction over penalties which are the basis for the claims raised in Plaintiff's Complaint. Defendant argues Plaintiff must exhaust its administrative remedies before bringing suit in federal court. In the alternative, Defendant argues the Court should stay the case pending a decision from the PSC.

Plaintiff opposes the motion arguing the exclusive jurisdiction doctrine does not apply and this case is a breach of contract claim that is unrelated to the PSC's authority. Plaintiff argues the PSC does not have the ability to adjudicate a breach of contract or equitable claim or to require Defendants to pay damages for any such violations. Plaintiff further argues, at a minimum, it should be allowed to proceed on its unjust enrichment claim and that Defendants should not be allowed to turn the claims raised in this lawsuit into a complex ratemaking decision that the PSC determines.

1

On November 22, 2021, the Court conducted a hearing on the issues raised in the pending motion to dismiss.¹ After the hearing, the parties were allowed to file supplemental briefing. Defendants filed a combined supplemental brief in all three related cases. The motion is now ripe for review. For the reasons set forth herein, the Court **DENIES** Defendant's Motion to Dismiss and **GRANTS** Defendant's motion to stay the case pending the resolution of the underlying PSC proceedings.

## BACKGROUND

Plaintiff filed three lawsuits against defendants Clearwater, Constellation NewEnergy – Gas Division and Symmetry Energy Solutions to address alleged harms it incurred due to under-deliveries of natural gas during Winter Storm Uri. Plaintiff's Complaint alleges Defendant breached its agreement regarding the distribution system to deliver natural gas to customers and violated the tariff rules. Plaintiff alleges as a result of Defendant's failure to deliver its customers' gas to Plaintiff, Plaintiff incurred damages by being forced to purchase natural gas. Plaintiff seeks to recover the penalties due under the terms of Plaintiff's tariff rules, along with other damages, including punitive damages and attorneys' fees. Plaintiff's Complaint brings two counts: Count I – Breach of Contract and Count II – Unjust Enrichment. Defendant's Motion to Dismiss argues that the PSC has exclusive jurisdiction over the issues raised in Plaintiff's Complaint.

Plaintiff has an agent aggregation agreement with Symmetry, a natural gas marketer, and the agreement contains Tariff rules and allows for penalties for the under-delivery of gas during a forecasted shortage. For a period of approximately seven days between February 12, 2021 and February 19, 2021, Winter Storm Uri impacted the pricing and supply of natural gas. Plaintiff's

---

¹ The Court heard argument on pending motions to dismiss in three related lawsuits: this case and Case Nos. 21-cv-00180 and 21-cv-00181.

claims allege Defendant is liable for the OFO penalties that were issued under its Tariff in response to the storm. There is currently an action pending before the PSC filed by Defendants arising from the same event. The PSC denied Plaintiff's motion to dismiss that action and has set an evidentiary hearing for March 2022 to hear and resolve the issues presented in Defendants' claims, specifically that the OFO penalties are invalid or should be waived.

Plaintiff argues this dispute is not a ratemaking or policy decision that requires a ruling from the PSC, rather it is simply a breach of contract or unjust enrichment claim. Plaintiff contends if Defendant's motion is granted it will allow Defendants to deprive Plaintiff of its right to seek recovery of the tens of millions of dollars it is owed.

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)(internal citations omitted); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. In considering the complaint, the Court is to accept all factual allegations as true.

# DISCUSSION

First, Defendants argue the PSC has exclusive jurisdiction over Plaintiff's claims under Missouri law and that the contracts also expressly confirm that jurisdiction. The contract contains the following language:

> This Agreement, and the rates and service hereunder, shall be subject to regulation by the regulatory authority having jurisdiction; to all applicable present and future state and federal laws: and to all rules, regulations and orders of any other regulatory authority having jurisdiction of the subject matter or either of the parties hereto.

Defendants argue the PSC proceedings will decide legal and factual issues that are raised in Plaintiff's lawsuit. Plaintiff does not dispute that the PSC has authority to determine issues regarding whether the OFO invoices are excessive or wrongfully imposed and Defendants do not dispute that this Court has jurisdiction over Plaintiff's contractual claims. During the hearing, Defendants all but conceded that the PSC does not have exclusive jurisdiction over Plaintiff's claims and instead focused their argument on the potential conflict that could arise if this Court proceeds when the PSC may enter a conflicting determination. The Court finds the PSC does not have exclusive jurisdiction over Plaintiff's claims raised in this lawsuit.

Defendants also argue the Court should analyze their motions to dismiss or stay pursuant to primary jurisdiction. "Primary jurisdiction is a common-law doctrine that is utilized to coordinate judicial and administrative decision making." *Access Telecommunications v. Sw. Bell Tel. Co.*, 137 F.3d 605, 608 (8th Cir. 1998) (internal citation omitted). This doctrine allows the Court to refer matters to the appropriate administrative agency for a determination, even if the case is initially cognizable by the district court. *Id.* ("There exists no fixed formula for determining whether to apply the doctrine of primary jurisdiction."). Agency expertise is the most common reason for applying this doctrine, along with promoting uniformity and consistency within a field

of regulation. *Id.* There is a reluctance to invoke the doctrine when added expense and delay may result. *Id.* Defendants contend the PSC has the technical and regulatory expertise to decide the claims and that allowing this case to proceed, prior to a PSC ruling, would be duplicative, wasteful, and lead to the potential of inconsistent determinations.

Here, the Court finds that allowing the claims to proceed before the PSC, prior to this Court's adjudication of the contractual or unjust enrichment claims, is appropriate. While the issues in this case may not be as complex as those raised in *Access*, the PSC will issue a ruling on the OFO and the expenses incurred by Spire. The PSC may further decide whether there are valid penalties and who is required to pay them while analyzing the tariff and the parties' compliance with the same. While Plaintiff is concerned about "an indefinite suspension" of its claims, the PSC has already scheduled an evidentiary hearing for March and the parties have already conducted a great deal of discovery in that proceeding. Further, this Court will have jurisdiction over Plaintiff's breach of contract and unjust enrichment claims, and potentially any award or determination entered by the PSC as it relates to any similar issues raised in this case. As a result, the Court grants a stay of this case pending the PSC's ruling.

Finally, Plaintiff argues the Court should allow its claim of unjust enrichment to proceed even if its breach of contract claim is stayed. Plaintiff argues it has adequately pled unjust enrichment as an alternative to recover its damages from Defendants. The Court finds the basis for Spire's unjust enrichment claim also depends on the validity of the contract and the amounts due under the same. The Court denies the motion to dismiss the unjust enrichment claim. While the Court makes no ruling on whether Plaintiff will ultimately prevail on its unjust enrichment claim, the Court finds it is premature to allow any such claim to proceed when there is an ongoing underlying proceeding that will address the terms of the contract, the penalties assessed, and the

5

tariffs at issue and therefore also stays this claim. Plaintiff will not be in a position to elect between contractual remedies and an unjust enrichment theory until such time as the PSC has ruled on the validity of the OFO and related issues.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Court denies the Motion to Dismiss and grants the Motion to Stay. The Courts stays this case pending the disposition of the PSC action. The parties shall notify the Court within 14 days of any substantive PSC ruling. In any event, the parties shall report to the Court the status of the PSC proceeding no later than June 3, 2022.

**IT IS SO ORDERED.**

DATED: January 4, 2022

                                                  */s/ Douglas Harpool*
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**